THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JADE YOUNG, Defendant-Appellant.

First District (3rd Division)   No. 1—92—4293

Opinion filed December 30, 1994.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael Golden, and Ross M. Eagle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

In a bench trial, defendant, Jade Young, was convicted of armed robbery and sentenced to eight years' imprisonment. Defendant appeals and presents two issues for review: (1) whether the State proved him guilty beyond a reasonable doubt; and (2) whether the prosecutor committed reversible error by misstating the evidence. We affirm.

On March 11, 1992, Carl Hood drove his Chevy Impala to buy some soda. He parked his car at the store on 72nd Street and Harvard. Approximately 12 people were standing in front of the store. Hood recognized the defendant as one of the 12 people because Hood lived in that neighborhood and had seen the defendant previously hanging out in front of that store. When Hood attempted to enter the

store, he was surrounded by the group of people, including the defendant. Someone asked Hood to buy them beer to which he responded he did not have any money. At that point, two men blocked his path to the store. One of the men, Tyrone Stewart, grabbed Hood in a full nelson. Defendant said, "I should hit this mark right quick," and seemed to be poised to hit Hood. Another man, Kevin Thomas, placed a gun against Hood's head. The gunman asked for Hood's wallet and keys. When Hood said they were in his pockets, the gunman took them. Defendant then told the group to go to Eggleston. Six individuals jumped into Hood's car and took off. Hood returned home and notified the police. Hood told the police the only person in the group he had seen previously was the defendant, and at the time of the armed robbery, the defendant was wearing all white and a black Bulls hat. He also described the defendant as tall and light skinned.

Nine days later, the police drove Hood back to the store. Defendant was at the store with some other people, and Hood identified defendant as one of the men that robbed him. The police also took Hood to Eggleston Street, where he identified Stewart, Thomas, and Duval Boykin. While the police were searching them, Thomas took some keys from his pocket and tried to kick them out of sight. The keys were identified as Hood's car keys. Hood's Chevy Impala was located half a block from where the three men were stopped.

Lisa Rhymes testified that in the week of March 11, 1992, defendant was staying at her house in Kalamazoo, Michigan. Defendant testified that prior to his arrest he resided in Kalamazoo with Ms. Rhymes. He denied being involved in the March 11, 1992, armed robbery. He recalled coming back to Chicago on March 13, 1992. On cross-examination, defendant stated that he told the booking officer, Detective Golubiak, that he was staying with his mother in Chicago at the time of the arrest but that he was in Michigan at the time of the armed robbery.

Detective Golubiak testified in rebuttal that defendant said he was in Michigan at the time of the armed robbery. At that time, however, defendant had not been told the date that the armed robbery occurred. Also, although defendant told the detective he had been living in Michigan, he did not know whom the detective could contact for verification.

■ Defendant contends that he was not proven guilty beyond a reasonable doubt because the victim's identification testimony was suspect and that, taken with his alibi, the State failed its burden of proof. Defendant argues that because Hood merely described his clothes and what he looked like in general terms, Hood's description of defendant on the night of the incident was not sufficient to prove

him guilty beyond a reasonable doubt. Defendant also claims that Hood's description of him is insufficient because Hood did not tell the police defendant's name. Although the accuracy of identification testimony is subject to challenge, all circumstantial factors will be included to determine whether the identification is sufficient to convict. In the present case, Hood testified that he had seen defendant previously. Hood had many minutes to observe defendant at the time of the crime. Hood's attention was centered on defendant, who was threatening to hit him. Hood identified defendant only nine days after the date of the incident. In addition, the record shows that Hood made a positive, unequivocal identification of defendant both when he picked him out from a group in front of the store and again at trial. Under the circumstances, defendant's contention is without merit.

Defendant also argues that Hood's identification testimony lacks credibility because Hood was surrounded by about 12 people during the armed robbery, defendant never came into actual physical contact with Hood, and the incident occurred at night. A positive identification, however, does not have to stem from a long observation under perfect conditions. (*People v. Williams* (1986), 143 Ill. App. 3d 658, 662, 498 N.E.2d 362, 365.) Hood lived in the neighborhood where he was robbed. Defendant was the only one of the attackers that Hood recognized because of having seen him previously at that store. Defendant also stood out from the group because he stood menacingly in front of Hood and said that he should "hit this mark right quick." Although Hood observed his attackers at night, there was evidence that light was coming from above the store. Under the circumstances, it cannot be said that Hood could not give a positive identification of defendant. Defendant's argument is not tenable.

Defendant also argues that his alibi testimony and the testimony of Lisa Rhymes created a reasonable doubt as to his guilt. We disagree. The trier of fact is not required to give more weight to the defendant's alibi than to the victim's testimony, even if the alibi is supported by a greater number of witnesses. (*People v. Shelby* (1984), 123 Ill. App. 3d 153, 165, 462 N.E.2d 761, 769.) The defendant's alibi was not ignored; the trial court found the alibi testimony not credible. It is within the province of the trier of fact to determine the weight of the evidence, the credibility of the witnesses and the weight to be accorded their testimony. (*People v. Brown* (1992), 232 Ill. App. 3d 885, 903, 598 N.E.2d 948, 960.) When the defendant offers an explanation, the trier of fact can determine the plausibility of that story and is entitled to disbelieve the explanation. (*Brown*, 232 Ill. App. 3d at 903, 598 N.E.2d at 960.) Here, Rhymes was not sure what

two months defendant visited her in Michigan. She also testified that defendant would come back to Chicago for a few days while he was staying with her. She did remember, however, that defendant left Michigan on March 13, 1992. She also said she was very good friends with defendant. Under the circumstances, it was within the province of the trial court to disbelieve defendant's alibi.

The relevant inquiry upon judicial review of the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) In the present case, any rational trier of fact could have found defendant's identification proven beyond a reasonable doubt when the evidence is viewed in the light most favorable to the prosecution. We, therefore, reject defendant's contention that he was not proven guilty beyond a reasonable doubt.

Defendant next contends that his conviction should be reversed because the prosecution misstated the evidence in its closing argument. Hood testified on direct examination:

"Q. Had you ever seen Jade Young before?
A. Yes.
Q. Where did you see him before?
A. In front of the store.
Q. About how long had you lived in the neighborhood then?
A. About 5 months."

In his closing argument the prosecutor stated:

"Furthermore, Judge, regarding identification. [Carl Hood] had seen Jade Young several times. He lived in the neighborhood about 5 months. He had seen Jade Young hung [*sic*] around that store in the front of the store several times before."

Defendant argues that because the prosecutor stated that Hood had seen the defendant several times before, in front of the store, whereas Hood only testified that he had seen defendant previously in front of the store, he is entitled to a new trial based on plain error. Although we believe that the prosecutor's statement is a misrepresentation of Hood's testimony, the prosecutor's statement does not constitute reversible error. Reversible error does not occur unless the error results in substantial prejudice. (*People v. Morgan* (1986), 112 Ill. 2d 111, 132, 492 N.E.2d 1303, 1311.) This was a bench trial. In a bench trial, the trial court is presumed to have considered only proper evidence in reaching its conclusion unless the record clearly demonstrates otherwise. Here, the record supports a conclusion that defendant was one of the men that accosted Hood and took off with

his car and wallet. Thus, there is no merit to defendant's argument. Moreover, the record clearly supports defendant's conviction. Plainly, there is no merit to defendant's contention that the prosecutor committed reversible error by misstating the evidence.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.